UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21478-CIV-MARTINEZ/BANDSTRA

MADELINE RAMOS, and all other similarly
situated,

      Plaintiff,

vs.

COLLINS & 74th STREET, INC., TASMIN
A. KHAN,

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE came before the Court on (1) Defendants' Motion For Summary Judgment (D.E. 30) filed on April 29, 2008; and (2) Plaintiff's Motion for Partial Summary Judgment (D.E. 33) filed on May 1, 2008. In accordance with the consent to jurisdiction of the parties, this action was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Jose E. Martinez on August 10, 2008, for all matters to which the parties consented including motions for summary judgment and trial in accordance with 28 U.S.C. §636 ( c). Accordingly, the undersigned conducted a hearing on theses motions on June 26, 2008. Having considered the parties' summary judgment motions, the pertinent portions of the record and applicable law, it is hereby

ORDERED AND ADJUDGED that:

(1) Defendants' Motion For Summary Judgment is GRANTED; and

(2) Plaintiff's Motion for Partial Summary Judgment is GRANTED as to Count I and DENIED in all other respects.

## INTRODUCTION

On June 7, 2007, Madeline Ramos ("plaintiff") commenced this action by filing a Complaint against Collins & 74th Street, Inc. and Tasmin A. Khan (jointly "defendants") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.* Collins & 74th Street, Inc. is a mini-supermarket located in Miami Beach and Tasmin A. Khan is allegedly a corporate officer, owner or manager of the corporation who ran the daily business operations. Plaintiff was employed by Collins & 74th as a cashier from November 20, 2006 until April 16, 2007, the date she was fired. Plaintiff alleges that during the course of her employment she routinely worked in excess of forty hours per week. Plaintiff further alleges that defendants failed to compensate her at the statutory rate of time and one-half for those hours worked in excess of forty as required by the FLSA. As a result, plaintiff complained to defendants about the alleged wage and salary violations. Plaintiff alleges that she was discharged by defendants in retaliation for asserting her rights under the FLSA.

Based on these and other allegations, plaintiff brought this action against her former employer for failure to pay overtime wages as required by the FLSA, 29 U.S.C. §207 (Count I), and for retaliatory discharge as prohibited by the FLSA under 29 U.S.C. § 215(a)(3) (Count II).

On April 29, 2008, defendants filed the instant motion for summary judgment arguing that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. Specifically, defendants argue that plaintiff cannot establish her FLSA retaliation claim, as a matter of law, because she cannot establish, *inter alia,* that defendant's neutral non-discriminatory reason for terminating her employment was a

pretext for retaliation. In addition, defendants argue that the evidence establishes that Tasmin A. Kahn ("Ms. Kahn") is not an employer under the FLSA due to her lack of operational control and thus, should be dismissed from this action. Finally and significantly, defendants concede that plaintiff is entitled to compensation for her overtime hours.

On May 1, 2008, plaintiff's moved for partial summary judgment arguing that she is entitled to summary judgment as to liability with respect to her overtime compensation claim based on defendants' admission that she is entitled to the claimed overtime wages. In addition, plaintiff argues that the evidence establishes that Ms. Kahn is an employer subject to suit under the FLSA based on her control of the financial aspects of the business and the management of the business's daily operations.

The issues raised with respect to these cross-motions for summary judgment are addressed below.

### STANDARD OF REVIEW

The court in reviewing a motion for summary judgment is guided by the standards set forth in Rule 56( c) of the Federal Rules of Civil Procedure which provides as follows:

> .... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law ....

The moving party bears the burden of meeting this exacting standard. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 90 S.Ct. 1598, 1608 (1970). Further, in addressing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-

moving party. Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982), citing, Adickes v. S.H. Kress & Co., 398 U.S. at 157, 90 S.Ct. at 1608; Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). If the record presents issues of material fact the court must deny the motion. Adickes v. S.H. Kress & Co., 398 U.S. at 157, 90 S.Ct. at 1608. The non-moving party, however, cannot rest upon mere allegations, but must rebut any facts properly presented by the moving party through affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. Id. at 398 U.S. 155, 90 S.Ct. at 1607. Moreover, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552-53 (1986).

If the moving party does not bear the burden of proof at trial, it satisfies its initial burden on summary judgment by either of two methods: (1) by producing affirmative evidence negating a material fact that is necessary to the non-movant's case, thus demonstrating that the non-moving party will be unable to prove its case at trial, or (2) by affirmatively showing the absence of evidence in the record to prove a fact necessary to the non-movant's case, and thus to support a judgment for the moving party on the issue in question. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 115-16 (11th Cir. 1993). If the moving party uses the first method, the non-moving party "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to negated." Id. at 1116. If the second method is used, the non-moving party may either demonstrate that the record contains evidence that was "overlooked or ignored" by the

movant, or by "com[ing] forward with additional evidence sufficient to withstand a directed verdict at trial based on the alleged evidentiary deficiency." Id.

While the burden on the movant is great, the non-moving party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is "merely colorable" or "not significantly probative," is not enough. Id.; see also Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). The non-movant may not rest on mere allegations at this point, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343 (1996).

## FINDINGS AND CONCLUSIONS

### 1. Overtime Compensation Claim

Plaintiff's claim for overtime compensation (Count I) is premised on Section 207(a) of the FLSA which provides, in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Here, the parties do not dispute that plaintiff falls within the scope of the Act and is entitled to overtime compensation. Indeed, defendants now concede that plaintiff is owed the additional half time compensation for her overtime hours totaling $628.20. Accordingly, Plaintiff's motion for summary judgment with respect to her overtime

compensation claim is granted.

### 2. Retaliatory Discharge Claim

Defendants seek summary judgment on plaintiff's claim that she was discharged in retaliation for voicing complaints to defendant Kahn with regard to the non-payment of overtime compensation. Plaintiff's retaliatory discharge claim is premised on 29 U.S.C. § 215(a)(3) which provides, in relevant part:

> . . . it shall be unlawful for any person –
>
> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee; . . . .

29 U.S.C. § 215(a)(3). The Act also applies to unofficial assertion of rights through informal complaints at work. See E.E.O.C v. Romeo Community School, 976 F.2d 985, 989 (6th Cir. 1992). E.E.O.C. v. White and Son Enterprises, 881 F.2d 1006, 1011 (11th Cir. 1989)(even though the charging parties had not yet filed formal charges with the EEOC, the discharge can still be retaliatory in nature).

In order to establish a *prima facie* case of retaliation under § 215(a)(3), plaintiff must demonstrate that (1) she engaged in activity protected under the Act; (2) she suffered adverse action by the employer, and (3) a causal connection existed between the employee's activity and the adverse action. Wolf v Coca-Cola Company, 200 F.3d 1337, 1342-43 (11th Cir. 2000). If the defendant is able to present a valid reason for terminating the plaintiffs' employment, then the plaintiff may attempt to show that the proffered reason is pretextual in nature. Id. Furthermore, in demonstrating causation, the plaintiff must prove that the adverse action would not have taken place "but for" the assertion of FLSA

rights. See Reich v. Davis, 50 F.3d 962, 965-66 (11th Cir. 1995).

In this case, defendants do not dispute that plaintiff engaged in activity protected by the Act by voicing complaints to defendant Kahn concerning her wage and overtime compensation. Defendants also do not dispute that plaintiff suffered adverse employment action when she was terminated from her position on April 16, 2007. Defendants do, however, dispute that a causal connection existed between plaintiff's termination and her complaints to defendant Kahn. In support, defendants note that plaintiff alleges in the complaint that she first complained about her defendant's failure to pay overtime wages on April 9, 2007, less than one week prior to her termination. However, during the course of her deposition testimony, plaintiff could not recall when she first voiced her complaints. See D.E. 30, Tab A. M. Ramos Depo., pgs. 45, 66-67, 71-72. In view of plaintiff's failure to establish a definitive time frame, defendants argue that plaintiff cannot establish the necessary temporal proximity between her alleged protected activity and the adverse employment action.

In addition, defendants contend that plaintiff was terminated for repeatedly failing to ring up customer sales on the store's cash register. Defendants also maintain that plaintiff rang up one cent sales and threw away register receipts in violation of the store's policy. Thus, defendants contend that plaintiff was terminated for being untrustworthy. See D.E. 30, Tab C. Deposition of Mohammed A. Khan.

Based on these circumstances, defendants contend that they are entitled to summary judgment as there is no causal connection between the protected activity and the adverse action. Defendants further contend that they have demonstrated a legitimate, non-discriminatory reason for plaintiff's termination and plaintiff has failed to show that their

proffered reason was pretextual or that her termination would have taken place "but for" the assertion of her FLSA rights. See Reich v. Davis 50 F.3d at 965-66.

In response, plaintiff attests that she "was not able to properly remember my overtime request at my deposition nor the reason for being fired." See D.E. 37, May 9, 2007 Aff'd of M. Ramos, ¶ 10. Plaintiff now recalls that she asked for overtime wages in April 2007, "[w]ithin two to three days of my asking Mr. Kahn for overtime wage, I was fired." Id., ¶ 11. Relying on this affidavit, plaintiff argues that "a causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct followed by adverse action." See Burrus v. United Telephone Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir. 1982). Plaintiff further contends that she "never stole anything including money our of the cash register" and that any "one cent" "were the result of providing change to customers." Id., ¶ 6 & 7.

Viewing the evidence in the light most favorable to plaintiff, the Court finds that even if plaintiff could establish a *prima facie* case of retaliation, plaintiff has failed to proffer evidence that the non-retaliatory reason given for her dismissal - - lack of trustworthiness - - was pretextual. The evidence reflects that Mr. Kahn received a tip from a customer that plaintiff may have pocketed money instead of placing it in the register. Defendants' investigation revealed that plaintiff was ringing up "one cent" sales to open the register in violation of the store's policy. See Kahn Depo., pgs. 35, 58-59, 64. While plaintiff explains that she opened the register to give customers change and denies knowledge of store policy to the contrary, plaintiff's self serving assertions fail to establish that the reason for her termination, lack of trustworthiness, was pretextual.

Accordingly, defendants' motion for summary judgment on plaintiff's retaliatory

discharge claim is granted.

### 3. Individual Liability of Tasmin Kahn

Defendants further contend that Tasmin Khan, in her individual capacity, is entitled to summary judgment and should be dismissed from this lawsuit because the evidence establishes that she lacked operational control over any significant aspects of the corporation's daily operations.  The Court agrees, finding that Tasmin Khan does not meet the legal standards to be considered an "employer" under the Act.  See 29 U.S.C. § 203 (d).  Specifically, the Court finds that Tasmin Khan lacked operational or managerial control over significant areas of the subject business.  See Perez v. Sanford-Orlando Kennel, 515 F.3d 1150 (11th Cir. 2008) ("In order to qualify as an employer . . . an officer "must be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee").  Indeed, the evidence shows that Mohammed Kahn was plaintiff's direct supervisor and managed the store's daily operations. Accordingly, defendant's motion for summary judgment with respect to the individual liability of Mrs. Kahn is granted.[1]   It is further

ORDERED that plaintiff shall file a proposed Final Summary Judgment consistent with this Order within ten  (10) days of the date of this Order.

---

[1] The Court further notes that Mohammed Kahn, rather than Tasmin A. Kahn, appears to be the correct individual defendant.  Indeed, the Court advised plaintiff at the hearing to substitute Mr. Kahn for Mrs. Kahn.  Plaintiff has not heeded this Court's direction and now seeks to add Mr. Kahn as an additional party to this lawsuit.  The Court has denied, by separate Order, plaintiff's Motion Seeking Leave to File and Serve Amended Complaint as untimely and without merit.

9

DONE AND ORDERED in Chambers at Miami, Florida this __18__ day of July, 2008.

*[signature]*

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable Jose E. Martinez
Counsel of record