UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 07-21478-CIV-MARTINEZ/BANDSTRA**

MADELINE RAMOS, and all other similarly
situated,

        Plaintiff,                                           **CONSENT CASE**

vs.

COLLINS & 74th STREET, INC., TASMIN
A. KHAN,

        Defendants.

_____/

**ORDER ON ATTORNEYS FEES AND COSTS**

THIS CAUSE came before the Court on (1) Defendants' Motion For Entry of

Judgment Taxing Costs (D.E. 81) filed on September 15, 2008; and (2) Plaintiff's Verified

Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. § 216(B) and Local Rule 7.3

(D.E. 84) filed on September 18, 2008.  In accordance with the consent to jurisdiction of

the parties, this action was referred to Chief United States Magistrate Judge Ted E.

Bandstra by the Honorable Jose E. Martinez on August 10, 2007, for all proceedings in

accordance with 28 U.S.C. §636 ( c).  Accordingly, the undersigned has considered the

these motions, all responses and replies thereto, the record and applicable law, and it is

hereby

        ORDERED AND ADJUDGED that:

        (1) Defendants' Motion For Entry of Judgment Taxing Costs is DENIED except to

the extent provided below; and

(2) Plaintiff's Verified Motion for Attorney Fees and Costs is GRANTED to the extent that plaintiff is awarded $6,392.00 in attorney's fees; and that defendant is awarded $279.69 in costs for which let execution issue.

## BACKGROUND

On June 7, 2007, Madeline Ramos ("plaintiff") commenced this action by filing a Complaint against Collins & 74th Street, Inc. and Tasmin A. Khan (jointly "defendants") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.* Defendant Collins & 74th Street, Inc. is a mini-supermarket located in Miami Beach and defendant Tasmin A. Khan is allegedly a corporate officer, owner or manager of the corporation who ran the daily business operations.  Plaintiff was employed by Collins & 74th as a cashier from  November 20, 2006 until April 16, 2007, the date she was fired. Plaintiff alleged that during the course of her employment she routinely worked in excess of forty hours per week.  Plaintiff further alleged that defendants failed to compensate her at the statutory rate of time and one-half for those hours worked in excess of forty as required by the FLSA.  As a result, plaintiff complained to defendants about the alleged wage and salary violations.  Plaintiff alleged that she was discharged by defendants in retaliation for asserting her rights under the FLSA.

Based on these and other allegations, plaintiff brought this action against her former employer for failure to pay overtime wages as required by the FLSA, 29 U.S.C. §207 (Count I), and for retaliatory discharge as prohibited by the FLSA under 29 U.S.C. § 215(a)(3) (Count II).

On January 8, 2008, Collins & 74th Street, Inc. served plaintiff with an offer of

judgment in the sum of $2,500.00 exclusive of any applicable wage deduction, plus the sum of $1,500.00 for attorney's fees and costs in settlement of all claims. Plaintiff declined the offer and discovery commenced.

On April 29, 2008, defendants moved for summary judgment arguing that there were no genuine issues of material fact and they were entitled to judgment as a matter of law. Specifically, defendants argued that plaintiff could not establish her FLSA retaliation claim, as a matter of law, because she could not establish, *inter alia,* that defendant's neutral non-discriminatory reason for terminating her employment was a pretext for retaliation. In addition, defendants argued that the evidence established that Tasmin A. Kahn ("Ms. Kahn") was not an employer under the FLSA due to her lack of operational control and thus, should be dismissed from this action. Finally and significantly, defendants conceded that plaintiff was entitled to compensation for her overtime hours.

On May 1, 2008, plaintiff moved for partial summary judgment arguing that she was entitled to summary judgment as to liability with respect to her overtime compensation claim based on defendants' admission that she is entitled to the claimed overtime wages. In addition, plaintiff argued that the evidence established that Ms. Kahn was an employer subject to suit under the FLSA based on her control of the financial aspects of the business and the management of the business's daily operations.

On July 21, 2008, this Court granted defendants' motion for summary judgment on Count II and granted plaintiff's motion for partial summary judgment solely as to Count I.

In accordance with the July 21st Order, this Court entered a second corrected final summary judgment in favor of plaintiff and against defendant, Collins & 74th Street, Inc.,

in the amount of $1,256.40, representing unpaid wages and liquidated damages, and against plaintiff and in favor of defendant Tasmin Khan as to Count I.  With respect to Count II, final judgment was entered against plaintiff and in favor of Collins & 74th Street and Tasmin Khan.

## FINDINGS AND CONCLUSIONS

### 1. Defendant's Motion for Entry of Judgment Taxing Costs

Defendants seeks to recover costs in the amount of $669.69 as the prevailing party in this lawsuit pursuant to Rule 54(d) of the Federal Rules of Civil Procedure which provides that:

> Except when expressed provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

Fed.R.Civ.P. 54(d).  The general categories of taxable costs are set forth in 28 U.S.C. § 1920.  These include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).

Relying on these statutory provisions, defendants contend that they are the prevailing party in this litigation since they successfully defended against plaintiff's claim for retaliation (Count II) as well as the overtime claim (Count I) against Tasmin Khan on the issue of her individual liability.  Thus, defendants seek to recover the transcript and deposition expenses that relate to plaintiff's retaliation claim and the claims made against Tasmin Khan, individually.  Defendants calculate the proportional cost as $669.69 based

on their own pro-rata formula.[1]

Plaintiff challenges defendants' entitlement to costs under Rule 54(d), arguing that she, rather than defendants, is the prevailing party based on the judgment in her favor in the amount of $1,256.40 on her overtime claim (Count I) against Collins & 74th, Inc.

Reviewing the court file and particularly the second corrected final summary judgment, the Court concludes that plaintiff is the prevailing party in this litigation so that defendants are not entitled to recover their deposition costs under Fed.R.Civ.P. 54(d) and 18 U.S.C. § 1920. In so ruling, the Court notes that "[a]s used in Rule 54(d), 'prevailing party' means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims." First Commodity Traders, Inc. v. Heinold Commodities, Inc., 776 F.2d 1007, 1014 (7th Cir. 1985). It is generally acknowledged that the judgment winner is the prevailing party, even if that judgment does not fully vindicate the litigant's position in the case. See Slane v. Mariah Boats, Inc., 164 F.3d 1065, 1068 (7th Cir. 1999) (when one party gets substantial relief it "prevails" even if it does not win on every claim).

In this case, plaintiff prevailed on her claim that defendants failed to pay overtime in violation of the FLSA (Count I) and was awarded $1,256.40 in unpaid wages and liquidated damages. Plaintiff's unpaid wage claim was a substantial part of this lawsuit and was intertwined with the discovery aspect of this litigation. The fact that plaintiff

---

[1]Specifically, defendants seek to recover a proportional share of the costs associated with depositions of plaintiff, defendantsTasmin Khan and Mohammed Khan, as well as witnesses Rawhan Akter and Razual Karim.

sought more damages in her retaliation claim does not alter this conclusion.

Accordingly, defendants' motion for entry of judgment taxing costs under Fed.R.Civ.P. 54(d) is DENIED.

## 2. Plaintiff's Verified Motion for Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees in the amount of $23,064.00 and costs in the amount of $1,366.60 under the FLSA, 29 U.S.C. § 216(b), as the prevailing party in this litigation. Section 216(b) provides, in relevant part: "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. . . ." 29 U.S.C. § 216(b). An award of attorney's fees is mandatory under this provision. See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).

In addition to challenging plaintiff's prevailing party status as discussed above, defendants challenge plaintiff's entitlement to recover fees and costs beyond January 8, 2008, the date it presented plaintiff with a Rule 68 offer of judgment which exceeded the amount of overtime wages she ultimately recovered. Specifically, Collins & 74th Street, Inc. served plaintiff with an offer of judgment on January 8, 2008 in the sum of $2,500.00, exclusive of any applicable wage deduction, plus the sum of $1,500.00 for attorney's fees and costs in settlement of all claims. Plaintiff declined the offer and discovery commenced. Plaintiff's subsequent recovery under the FLSA was $1,256.40 which was less than the amount of the offer. Fed.R.Civ.P. 68(d) provides that, "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Essentially, defendants seek to

6

expand  Rule 68 by arguing that it should apply to attorney's fees in the same way it applies to costs.

While certain statutory fee shifting provisions such as 42 U.S.C. § 1983 define costs to include attorney's fees, the FLSA defines attorney's fees separately from costs. See 29 U.S.C. § 216(b).  Thus, a Rule 68 offer does not affect the court's award of attorney's fees under § 216(b).  See Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir.), cert. denied, 513 U.S. 875, 115 S.Ct. 203 (1994); Cox v. Brookshire Grocery Co., 919 F.2d 354, 358 (5th Cir. 1990).  Following Fegley and Cox, this Court finds that Rule 68 does not bar plaintiff from recovering reasonable attorney's fees for services rendered in this FLSA action after the Rule 68 settlement offer.

The Court further finds that the offer of judgment was valid thereby rejecting plaintiff's arguments to the contrary.  Specifically, plaintiff claims that the offer of judgment was invalid because (1) it was made by only one defendant; (2) it required her to provide a general release; and (3) it did not cover her accrued attorney's fees and costs.

The requirements for a valid Rule 68 offer are simple. "An offer of judgment should . . . [be] served on the adverse party in the manner provided by Rule 5(b) . . . . [and] the offer must specify a definite sum for which judgment may be entered , which plaintiff can either accept or reject.  It must be unconditional and must include 'costs then accrued'". 12  Wright & Miller, Federal Practice & Procedure: Civil § 3002 (1973).  In order to determine whether an offer of settlement comports with the requirements of Rule 68, courts ordinarily apply the usual rules of contract construction.  See Moore v. Hecker, 250 F.R.D. 682 (S.D. Fla. 2008). Thu, ambiguities will be construed against the offeror as the

drafting party.  Id.

Reviewing the January 8 offer of judgment, the Court finds the offer is clear on its face and rejects plaintiff's efforts to inject ambiguity or further legal requirement into the offer.   The offer was properly and timely served on plaintiff and complied with the requirements of Rule 68.  The fact that Tasmin Khan was not a party to the offer did not invalidate Collins & 74th Street, Inc.'s offer.  Indeed, the offer included the termination of all claims and disputes against Tasmin Khan.  In addition, the requirement that plaintiff execute a general release is a not an impermissible condition that would invalidate the offer, but rather a means of effecting the settlement.  Moreover, plaintiff's counsel did not have significant legal time or costs accrued in this case at the time the offer of judgment was served.   Accordingly, the Court finds that the offer of judgment is valid so that plaintiff must bear her own costs of litigation, as well as defendant's costs, incurred after January 8, 2008.

Reviewing the specific cost items requested by the parties in light of the above ruling, the Court finds that defendant is entitled to recover $699.69 from plaintiff, representing the reasonable deposition costs it incurred after the offer of judgment as set forth in defendant's bill of costs filed with the Clerk in this matter.  The Court further finds, however, that plaintiff, as the prevailing party, is entitled to an award of costs in the amount of $420.00 ($350.00 for filing fees and $70.00 for service of process fees) since these costs were incurred prior to the offer of judgment.  Performing the necessary arithmetic, the Court awards defendant $279.69 in costs.

While Rule 68 does not bar an award of attorney's fees in an FLSA action for work

performed after the offer, consideration of the Rule 68 offer is appropriate in determining the reasonableness of an attorney's fee award. See Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1313. Thus, "[w]hen a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer." Id., quoting Haworth v. Nevada, 56 F.3d 1048, 1052 (9th Cir. 1995). This application of Rule 68 has the beneficial effect of encouraging settlement of cases that should be settled when reasonable settlement offers are made. Haworth at 1052. Moreover, this principle is consistent with the Supreme Court's reasoning in Hensley v. Eckerhart, 461 U.S.424, 436, 103 S.Ct. 1933 (1983), which stated that in determining a reasonable attorney's fee, "the most critical factor is the degree of success obtained." Id.

In this case, other than the one FLSA overtime violation which defendant conceded, plaintiff failed to prevail on her remaining claims. Even on this claim, plaintiff failed to recover the amount of damages which she initially sought. Indeed, plaintiff recovered a judgment which was less than fifty percent of which she could have recovered by accepting the Rule 68 offer. Clearly, the only person who benefitted most by pursuing this litigation after the Rule 68 offer was made was plaintiff's counsel. Moreover, counsel's relentless persistence in continuing to prosecute this case was further demonstrated by his failure to substitute Mr. Kahn for Mrs. Kahn as the correct party defendant despite this Court's direction to do so at the summary judgment hearing. These circumstances will be considered in determining the reasonableness of the requested attorney's fee.

In calculating a reasonable attorney's fee, the court must consider the number of hours expended in prosecuting this action, together with the customary fee charged in this community for similar legal services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar."  Under certain circumstances such as the offer of judgment issue discussed above, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stetson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

In this case, plaintiff request attorney's fees totaling $23,064.00 based on 76.88 hour of attorney time incurred in the prosecution of this case by plaintiff's lead counsel and several associates.

1. Hourly Rate

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate.  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984).   The fee applicant bears the burden of establishing the reasonableness of the requested hourly rate.  See Norman at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)).

Here, plaintiff seek an hourly rate of $300.00 for the services of their primary attorneys, J.H. Zidell and David Kelly, claiming that this rate is reasonable based on their contractual rate with plaintiff.  Plaintiff further request $300.00 per hour for the services of Mr. Feld and Ms. Klein, who appear to be first year associates.

10

Having considered plaintiff's attorneys' verified application for fees, the documentary evidence and pleadings of record, counsels' reputation and experience in the areas of FLSA, and the Court's familiarity with FLSA litigation and attorneys' fees in general, the Court finds that a rate of $250.00 (rather than $300.00) per hour for Mr. Zidell and Mr. Kelly is reasonable and consistent with previous fee awards in this district. The Court further finds the $300.00 hourly rate for plaintiff's additional attorneys is extremely excessive given their limited experience so that the Court awards $135.00 per hour for the services of Mr. Feld and Ms. Klein.

2. Hours Reasonably Expended

This Court must next evaluate plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's' counsel. Plaintiff submits billing records reflecting 46.73 hours for the work of Mr. Zidell, 22.00 hour for the work of Mr. Kelly and 8.35 hours for their associates' work. Plaintiff supports her fee request by submitting the time records for the law firm which summarize the work performed, the date of performance and the number of hours worked for each listed task. See Plaintiff's Motion for Attorney's Fees.

Defendant seeks a substantial reduction in the claimed attorney's fee, arguing that counsels' claimed hours are excessive and unreasonable in that counsel seeks to recover fees for time spent in litigating unsuccessful claims and/or issues, namely; the individual and retaliation claims. Defendant further seeks a reduction in the claimed fee based on block billing, double-billing, vague time entries, performance of non-legal tasks and excessive time.

11

In reviewing a claim for hours reasonably expended, this Court must exercise its independent judgment. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988).   The Supreme Court has emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee. See Hensley, 461 U.S. at 433.  The court may reduce the number of hours for which fees will be awarded if there is inadequate documentation, or if the court finds the claim for hours is "excessive or unnecessary." Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). Also within a district court's discretion is the ability to exclude attorney's fees which are attributable to time spent on unsuccessful claims that are not inextricable intertwined with the successful claims. See Popkin v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987).

Upon independent review of counsels' fee affidavit and the submitted time/billing records, the Court finds that a significant reduction in the claimed attorneys' fees is warranted due to counsel's failure to exercise proper billing judgment. Specifically, the Court finds that counsel's time records are replete with excessive, duplicative and bulk time entries. For example, the majority of Mr. Kelly's time entries are bulk entries which not only comingle various legal tasks, but also include non-recoverable work such as filing. Other non-compensable work include the 2.3 hours incurred on preparing and finalizing witness and exhibit lists and a joint pretrial stipulation since this case was decided on summary judgment, as well as 2.4 hours incurred by Mr. Feld on clerical scheduling tasks. Moreover, plaintiff will not be compensated for the 2.5 hours expended

by Mr. Kelly on adding Mr. Khan as a party defendant in direct contravention of this Court's guidance.  In addition, many of the time entries for Mr. Kelly and Mr. Zidell with respect to discovery appear to overlap thereby warranting a 25% reduction in their respective fees.

Considering these factors, the Court reduces Mr. Kelly's hours to 17.20 (22.00-4.80) and the associate hours to 5.90 (8.30-2.40).  The Court further reduces Mr. Zidell and Mr. Kelly's total hours by an additional 25% or to 47.95 hours (25% of 63.93) for duplicative and excessive billing.

Recalculating the requested fee, the Court computes the lodestar amount as $12,784.00 representing 47.95 hours expended by Mr. Zidell and Mr. Kelly at $250.00 per hour, and 5.90 hours incurred by their associates at $135.00 per hour.

Having calculated the lodestar, the Court finds that plaintiff's limited monetary recovery on the FLSA count does not justify the lodestar fee award in view of the offer of judgment. Moreover, other considerations, such as the public benefit cannot support such as award.  Ongoing litigation of this case was ill advised and defendant should not be responsible for excessive fees incurred in support of this litigation strategy.  Thus, the court reduces the lodestar amount by 50% or to$6.392.00.

DONE AND ORDERED in Chambers at Miami, Florida this __11__ day of December, 2008.

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable Jose E. Martinez
Counsel of record